IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PHILLIP DOLE, *Petitioner*,

*v.*

THE HONORABLE MICHAEL BLAIR, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

DALYNNE DOLE, *Real Party in Interest*.

No. 1 CA-SA 20-0001
FILED 4-14-2020

Petition for Special Action from the Superior Court in Maricopa County
No. FC2018-005549
The Honorable Michael Blair, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon, Alexandra Sandlin
*Counsel for Petitioner*

Woodnick Law, PLLC, Phoenix
By Markus W. Risinger
*Co-Counsel for Real Party in Interest*

The Cavanagh Law Firm, P.A., Phoenix
By Helen R. Davis
*Co-Counsel for Amicus Curiae American Academy of Matrimonial Lawyers*
*Arizona Chapter*

Law Offices of Annette T. Burns, Phoenix
By Annette T. Burns
*Co-Counsel for Amicus Curiae American Academy of Matrimonial Lawyers*
*Arizona Chapter*

---

## OPINION

Judge Maria Elena Cruz delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

¶1 Phillip Dole ("Father") seeks special action relief from the superior court's decree of dissolution, which, citing the children's best interests, did not divide the community's interest in two homes but instead ordered the parties to own the homes as joint tenants with right of survivorship for the next six years. For the reasons that follow, we accept jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Father and Dalynne Dole ("Mother") were married for twenty-four years when Mother filed for divorce in 2018. The parties have six children together, three of whom are minors. Father is an engineer, earning a base salary of $127,000 with an annual bonus. Mother stayed at home with the children and did not work outside the home throughout the entirety of the marriage. Other than their retirement accounts, the parties' primary assets were the marital residence and a rental home.

¶3 While the dissolution was pending, Mother remained in the marital residence with the children and Father moved into the rental property. Neither Mother nor Father had the properties appraised. At trial, they agreed there was about $200,000 in equity in the marital residence and about $100,000 in equity in the rental property. They owed about $236,810.56 on the marital residence, and about $197,766.51 was owed on the rental property.

¶4 Following trial, the superior court allocated parenting time and legal decision-making authority, awarded Mother spousal maintenance of $3,000 a month for six years and child support of $1,489 a month. The court did not divide the community's interest in the two homes, but instead awarded them to Father and Mother as joint tenants with right of survivorship. Mother was granted exclusive use of the marital residence, with sole responsibility for all mortgage, HOA, utilities, and other expenses related to the marital residence. Father was granted exclusive use of the rental property, with sole responsibility for all mortgage, HOA, utilities, and other expenses related to the rental property. The court further ordered that, unless the parties agreed to sell the properties sooner, Father and Mother were to sell them by October 31, 2025 (a few months after the youngest child graduates from high school). The net proceeds of each sale would then be divided equally between the parties.

¶5 Father promptly filed a Request to Alter/Amend Ruling, which the superior court denied. Father then filed the instant special action petition.

## SPECIAL ACTION JURISDICTION

¶6 Special action review is generally appropriate when there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *see generally Sw. Gas Corp. v. Irwin ex rel. Cty. of Cochise*, 229 Ariz. 198, 201, ¶¶ 5-7 (App. 2012). However, "jurisdiction is frequently accepted when under no rule of law can a trial court's actions be justified." *King v. Superior Court (Bauer)*, 138 Ariz. 147, 149-50 (1983). "This court's decision to accept special action jurisdiction is discretionary, and the exercise of jurisdiction is appropriate when the issue involved is one of law and of statewide importance." *State ex rel. Montgomery v. Rogers*, 237 Ariz. 419, 421, ¶ 5 (App. 2015); *see Sw. Gas Corp.*, 229 Ariz. at 201, ¶ 7.

¶7 The superior court erred by requiring Father and Mother to own the residences as joint tenants with right of survivorship for six years

following the dissolution of their marriage. Under these circumstances, we agree Father has no "equally plain, speedy, and adequate remedy by appeal" and therefore accept jurisdiction.

## DISCUSSION

**¶8**         Father argues that the superior court erred by declining to divide the parties' community property due to the "best interests of the children." The apportionment of community property in a dissolution rests within the discretion of the superior court, and we will not disturb it absent an abuse of discretion. *Hatch v. Hatch*, 113 Ariz. 130, 133 (1976); *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005). A court abuses its discretion when it commits an error of law in exercising its discretion. *Id.* We review issues of law *de novo*. *In Re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).

**¶9**         At trial, Father asked the court to order both community homes sold and the proceeds divided. Mother asked to be allowed to remain in the marital residence until the youngest child graduated high school, but she offered no evidence that she could refinance the home and pay Father his share of the equity. The superior court described the result as a "conundrum," explaining that if it were to award the marital home to Mother and the rental home to Father, Father "loses out on the equity in the marital residence because she does not have sufficient funds to pay him his share[,] an inequitable result." On the other hand, the court observed, if it were to order "both properties sold and the equity divided, then the children are uprooted from their home and suffer even more in this divorce[,] also an inequitable result." The court concluded:

> In the end, the court is tasked to act in the children's best interest. Arguably, this applies to division of property as well as legal decision-making and parenting time. While selling the properties now and dividing the equity in them may be best for the parents, forcing the children to move is not what is best for them.

**¶10**         Arizona Revised Statutes ("A.R.S.") section 25-318 directs the court to divide community and jointly held property equitably upon dissolution of the marriage; a substantially equal division is not required if "sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). Our supreme court has held "equitable" is "a concept of fairness dependent upon the facts of particular cases." *Id.* In arriving at an equitable distribution of property, A.R.S. § 25-318 requires the court to

consider certain enumerated factors, including debts or obligations relating to the property, excessive or abnormal expenditures, destruction, concealment or fraudulent disposition. A.R.S. § 25-318(B)-(C). Additionally, the court may consider non-enumerated factors, including the source of funds and "other equitable factors as they may bear on the outcome" of equitable allocation. *Toth*, 190 Ariz. at 222. Regardless, the court must divide any community property at dissolution. A.R.S. § 25-318(A).

¶11 Here, the superior court did not do so. Instead, the court ordered the parties continue to jointly own the two properties for the next six years with a right of survivorship. As Father points out, one effect of the court's ruling is that in the event one of the parties dies before the end of the six-year period, the other will inherit the deceased's interest in both properties. Father also argues the court's ruling deprives him of his right to manage and control his separate property by, for example, requiring him to accept the market risk of waiting six years to sell the properties and the risk that, in the meantime, Mother might not properly maintain the marital residence. He also argues he should be able to draw from his share of the equity in the homes to pay expenses he incurred since Mother filed for dissolution.

¶12 Father does not dispute Mother's assertion that the three minor children would prefer to remain in the marital residence. Nevertheless, and although divorce can impose stressful changes on the children of the marriage, A.R.S. § 25-318 is clear in its mandate that community property must be divided on dissolution of the marriage. Moreover, no statute allows the superior court to deprive either party of the right to control and dispose of their separate property based on the best interests of the children. The Arizona Supreme Court was clear when, in *Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986), it reasoned that "[w]hen the community property is divided at dissolution pursuant to the mandate of A.R.S. § 25-318, each spouse receives an immediate, present, and vested separate property interest in the property awarded to him or her by the trial court."

¶13 Mother relies on *In re Marriage of Berger* for the proposition that the court may take into account the children's interests when it divides property in divorce. 140 Ariz. 156, 168 (App. 1983). However, in *Berger*, this court held that any unequal award of household furnishings to the wife was proper because "[s]he paid for the property with her separate funds and the furniture and furnishings were necessary to maintain the house in a suitable condition as a home for the children whose custody she was

awarded." *Id.* Additionally, the *Berger* court held the wife's "separate funds were the major source for the support of the family, including the husband, during the marriage." 140 Ariz. at 168.

**¶14** While a court may consider the parties' children in deciding which party should be awarded a given piece of property, in doing so, the court may not impinge on either party's property interests. Pursuant to A.R.S. § 25-318, the community property is divided at dissolution, each party is awarded their separate property, and "a former spouse loses any interest in and control over that separate property." *Koelsch*, 148 Ariz. at 181. Here, the court ruled based on what the court believed to be the children's best interests, and in doing so, it deprived both parties of their interests in their separate property for six years after the divorce was finalized.

**¶15** It was improper for the superior court to use the "best interests of the children" as the deciding factor in the distribution of Mother's and Father's property. Although a court has broad discretion in allocating property following the dissolution of a marriage, it "has no authority to compel either party to divest himself or herself of [t]itle to separate property." *Proffit v. Proffit*, 105 Ariz. 222, 224 (1969). The court committed reversible error when it allowed the children's interests to trump Father's property rights.

**¶16** We recognize the superior court enjoys discretion to divide property equitably, such as by ordering it be sold, even if the sale may occur some reasonable time after the superior court issues the dissolution decree. That situation often arises by necessity, since usually it is impossible to complete the sale of real estate immediately after the signing of a divorce decree. The flaw in the instant case is two-fold, however. The court's failure to divide the community property denies both parties control over their sole and separate property after the dissolution, denying them their statutory right to seek partition, and it does so for the next six years, unless Mother agrees to sell the properties sooner. *See* A.R.S. § 12-1211. Also, by ordering that the property be held jointly with a right of survivorship, the superior court denied both parents control over the disposition of their sole and separate property upon their death.

**¶17** Father requests we reverse the superior court's orders requiring that the parties own the two homes as joint tenants with right of survivorship, and that we order the sale of the homes and equal division of the proceeds. Mother contends that such an order risks inequity because it will disturb the complex machinery of the decree. However, in its ruling,

the superior court found that "this case does not present a unique set of facts or circumstances. Therefore, an equal division of community property is appropriate to achieve equity." The court also found that the "allocation of the real and personal property, when considered with the division of debt, is fair and equitable under the circumstances" bearing some equalization adjustments where Father was ordered to pay Mother a total of $13,675 in offsets and reimbursements. Based on these findings, and the court's effort to divide the property equally, the only legally permissible outcome is that the properties be sold, and the proceeds divided equally between the parties.

¶18          Accordingly, we grant relief by reversing the superior court's order requiring that the parties own the two homes as joint tenants with right of survivorship. We remand to the superior court for further orders requiring that the two homes be sold and the net proceeds be divided equally. The court shall direct that the parties hold title as tenants in common until the properties can be sold.

## CONCLUSION

¶19          We accept jurisdiction and grant relief. Father requests his reasonable attorneys' fees pursuant to A.R.S. § 25-324, and costs on appeal. He argues Mother took an unreasonable position at trial and that her appellate arguments were not made in good faith. Having considered the financial positions of the parties and given Mother's unsupported position on the law regarding disposition of community property, in the exercise of our discretion and under A.R.S. § 25-324(B)(2), we grant Father a partial award of his reasonable attorneys' fees. As the prevailing party, Father is entitled to recover his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA