NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TAMBRALA G. SHURMAN, *Petitioner/Appellant*,

*v.*

BRUCE D. SHURMAN, *Respondent/Appellee*.

No. 1 CA-CV 21-0038 FC
FILED 9-21-2021

Appeal from the Superior Court in Yavapai County
No. V1300DO201980285
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Davis Miles McGuire Gardner, Tempe
By Spencer T. Schiefer
*Counsel for Petitioner/Appellant*

Mull & Brown, PLLC, Prescott
By John G. Mull
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1        Tambrala G. Shurman ("Wife") appeals from the superior court's order granting Bruce D. Shurman's ("Husband") Arizona Rule of Family Law Procedure ("Rule") 83 motion to alter or amend the judgment. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Husband and Wife moved to Arizona to co-own and operate a bed and breakfast business.  They purchased a property that contained multiple rental structures, including the parties' marital home.  Husband and Wife took out two loans totaling $130,000 to build an additional rental structure on the property.  Later, Husband and Wife borrowed an additional $150,000 to purchase a second property, which contained a single-family home.  The three loans did not directly encumber the properties and were not secured by the properties.  At the time of the divorce, the mortgage balance on the first property was about $274,000.

¶3        Husband and Wife did not pay themselves a salary but used the business income to pay their personal expenses.  The parties did not segregate their business and personal finances and failed to maintain profit or loss statements, balance sheets, bookkeeping, monthly statements, or any other regular business records.

¶4        Wife petitioned for dissolution in 2019 after twenty-one years of marriage and two children, one of whom was a minor at the time of the dissolution proceedings.  Both Husband and Wife sought ownership of the real property and bed and breakfast business.  The court held an evidentiary hearing to determine the separate values of the parties' property and business.

¶5        Following the hearing, the superior court found that neither party provided evidence of the business' value, concluding it had a value of zero.  The court found the parties' real property was worth $983,772.98, but it offset the value of the property by the amount of the mortgage and

the three loans. The court awarded the business and real property to Wife and ordered her to pay an equalization payment to Husband of $144,483.24, to be paid in monthly installments of $1,000.

**¶6** Husband filed a Rule 83 motion to alter or amend the decree. The court granted Husband's motion, finding the division of property to be inequitable. The court ordered the parties' business be valued, and the business and real property sold and divided equally.

**¶7** Wife timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

**¶8** Wife argues the superior court erred in granting Husband's Rule 83 motion. We review a court's ruling on a motion to alter or amend for an abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App. 2020). Under Rule 83, "[t]he court may on its own or on motion alter or amend all or some of its rulings" if "the decision, findings of fact, or judgment is not supported by the evidence or is contrary to law." Rule 83(a)(1)(H). The superior court found the property division in the original decree was inconsistent with the law, the business valuation finding was contrary to the evidence, and the amount of the equalization payment to Husband was error.

**¶9** Under A.R.S. § 25-318(A), the court must "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind." Generally, "all marital joint property should be divided substantially equally unless sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). The superior court, be it the judge originally assigned to the case or a subsequently-assigned judge, enjoyed the discretion to modify its orders by finding that the decree was inequitable and failed to divide the parties' property substantially equally. *See Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 10 (App. 2014) (holding "consideration of a Rule 60 motion by a newly assigned judge raises no jurisdictional concerns"); *see also Peterson v. Speakman*, 49 Ariz. 342, 348 (1937) ("The jurisdiction of the court, no matter by which judge it is exercised, is that of the whole court, and not of one judge nor division thereof."). This finding was not error.

**¶10** Wife, however, contends the record supported the property division in the original decree and that a larger equalization payment to Husband was unnecessary because the business had no value. Wife argues the business' tax returns support this conclusion and demonstrated the bed

and breakfast reported losses in its first couple years of operation, and that since 2017 had generated only minimal profits.

¶11        While "[t]he valuation of assets is a factual determination that must be based on the facts and circumstances of each case," and the court "has discretion to rely on various methods of valuing a professional practice," insufficient evidence supported the court's findings in the original decree, because they were not based on a recognized valuation method. *Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996). After hearing evidence at trial, the court found that "neither party presented evidence as to the value of the parties' business." The court noted the tax returns for the business "reflect minimum income yielded" since 2017, and "considered that the family is covered for health insurance through Arizona Health Cost Containment System." The court concluded the "business has not been a high-income earning endeavor," and with "no solid evidence[] upon which to assign a value to the parties' business," it "assigned zero value."

¶12        The court's finding that the business had no value contradicted evidence that the business generated some profits in the years before the community ended and provided for the parties' personal expenses during the marriage. Wife testified that the parties had personal monthly expenses of around $7,700, which were paid with business income. Further, the tax records showed that the business' income increased every year since it opened; this was not compelling evidence the business had no value when the community ended. We agree that the court's original decree erroneously valued the business at zero.

¶13        It was also inequitable to award the business to Wife but assign half of the business' debt to Husband. Wife testified that the parties took three loans for business purposes, and pursuant to the parties' "business plan." In her brief, Wife admits the loans are "associated with the real estate and business." The agreement for one loan named the community business as the borrower. The court offset the value of the parties' real property, and Husband's equalization payment, with the amount of the loans, even though that debt did not directly encumber the property. The court erred in reducing the value of the properties in the amount of this debt, and allocating half of this debt to Husband, while failing to credit him with any interest in the business. The evidence presented at trial tied the business to the parties' real property, and because the parties' business and personal finances were so commingled, the court, on review pursuant to Rule 83, did not err in ordering the properties and the business to be sold and the profits to be divided equally.

4

¶14      Though "equitable" division typically requires "substantially equal" division, the court can otherwise divide the marital property if a sound reason exists to do so. *Toth*, 190 Ariz. at 221. The court found "stability of housing for the parties' children compelling, and the children reside primarily with" Wife. But at the time of trial, the parties' only minor child was 17 years old and scheduled to graduate from high school in mid-2021. And in any event, "[w]hile a court may consider the parties' children in deciding which party should be awarded a given piece of property, in doing so, the court may not impinge on either party's property interests." *Dole v. Blair*, 248 Ariz. 629, 633, ¶ 14 (App. 2020). The court therefore provided no sound reason to divide the property other than substantially equally.

¶15      Wife argues that, in the amended decree, the court erred in addressing the parties' earning abilities in dividing the property, because "[n]othing in A.R.S. § 25-318 prompts the court to divide community property on the basis of the parties' earning capacity." However, as noted above, the court can divide property unequally if "sound reason exists" to do so. *Toth*, 190 Ariz. at 221. Here, the court noted the parties had "relatively equally" earning capacities, which did not justify either party being awarded the business to the exclusion of the other. Throughout the marriage, Wife typically had a higher income than husband. Wife claimed she would need to take courses, complete the licensing process in Arizona, and repay her retirement before she could return to work as a psychologist, but Wife has a master's degree and many years' experience, and the court did not err in finding she would "likely have little problem locating work in Arizona." Husband testified that Wife was offered work as a consultant for about $50,000 per year, but she turned down the job offer. Wife argues the court erred in taking "judicial notice that Arizona has a vast demand for education professionals." Even if taking judicial notice of this issue was error, the court's conclusion, in the amended decree, that neither party's earning capacity warranted an unequal division of property was supported by substantial evidence.

¶16      Finally, Wife argues it was improper for the court to alter the allocation of the parties' debts because Husband did not raise this issue in his motion. However, under Rule 83, the court may sua sponte alter a judgment. *See* Rule 83. As Wife recognizes in her brief, the prior allocation of debts was dependent upon the prior division of assets, so the court did not err in modifying the debt allocation.

¶17      Ultimately, the superior court ordered the parties' real property and business be sold and divided equally. The apportionment of

community property in a dissolution rests within the discretion of the superior court, and the court did not abuse its discretion in granting Husband's Rule 83 motion. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**CONCLUSION**

**¶18**     For the foregoing reasons, we affirm. Both parties request an award of their attorneys' fees on appeal. We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal. *See* A.R.S. § 25-324(A). In the exercise of our discretion, we decline to award attorneys' fees. We award Husband his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA