NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MARCUS WHITE, *Petitioner/Appellee,*

*v.*

REBECCA BARRERAS, *Respondent/Appellant.*

No. 1 CA-CV 24-0052 FC

FILED 02-04-2025

Appeal from the Superior Court in Maricopa County
No. FN2021-091808
The Honorable Lisa Stelly Wahlin, Judge

**VACATED AND REMANDED**

COUNSEL

Cervone Law P.C., Phoenix
By Kristina L. Cervone
*Counsel for Petitioner/Appellee*

Walneck Law, Scottsdale
By Edward J. Walneck
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S**, Judge:

¶1 Rebecca Barreras ("Wife") appeals from (1) a decree of dissolution, (2) a minute entry denying her motion to alter or amend the decree, and (3) a post-decree minute entry amending the decree. For the following reasons, we vacate the decree's division of community property and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Wife married Marcus White ("Husband") in 2009. In 2019, Husband and a business partner formed a construction business.

¶3 Husband petitioned for divorce in May 2021. By September, the parties reached a settlement agreement on disposition of personal property. The superior court placed the case on the inactive calendar while the parties conducted discovery and disclosure. For nearly two years, the parties stipulated to keep the case on the inactive calendar.

¶4 In May 2023, the court set the case for a three-hour trial in November 2023. Each party would have half of the available time. The court also advised the parties that any motions for additional time must: (a) be filed at least 30 days before trial, (b) show good cause, (c) include a list of witnesses, (d) provide the estimated time allocated to each witness, and (e) describe the subject matter of each witness's expected testimony.

¶5 A month before trial, Wife filed discovery motions in which she claimed to have discovered two witnesses—former employees of Husband's construction business—with information that Husband was "hiding his income received from the business." Wife requested fees to pay for a forensic accountant to investigate Husband's business. She also requested sanctions against Husband under Arizona Rule of Family Law Procedure 65 for failure to disclose information about his business. The court denied Wife's discovery motions for failure to "specify the discovery that is alleged to be outstanding."

¶6 Wife then moved to enlarge or continue the trial, arguing she needed more trial time to examine her newly-discovered witnesses. Contrary to the court's requirements, Wife's motion did not include a witness list or an estimate of time and subject matter of her witnesses' expected testimony. The court summarily denied her motion.

¶7 In his pretrial statement, Husband asserted he made no income from his construction business because the business could no longer secure contracts after the only licensed contractor on staff resigned. At trial, Wife used all her time cross-examining Husband and examining her witnesses to prove otherwise. Wife moved for additional time, arguing that she had to spend all her time eliciting witness testimony to make up for Husband's refusal to disclose financial documents from the business. When the court asked why Wife did not file a motion to compel such disclosure, Wife's counsel answered "we ran out of money." The court denied Wife's motion for more time, noting that Wife ran out of time because she chose to gather evidence at trial instead of during discovery.

¶8 The court issued a decree of dissolution a week after trial. The decree said nothing about Husband's construction business. A month later, Wife moved to alter or amend the decree under Arizona Rule of Family Law Procedure 83, asking for another hearing so she could have more time to examine witnesses. Husband also filed a Rule 83 motion asking the court to divide four community debts that were not addressed in the decree.

¶9 Wife filed a notice of appeal of the decree four days after she filed her Rule 83 motion. The court denied Wife's Rule 83 motion. The court did not explicitly rule on Husband's Rule 83 motion; instead, in February 2024, the court issued a minute entry on its own motion (the "post-decree minute entry") dividing three community debts that it failed to address in the decree. The post-decree minute entry also did not mention Husband's construction business. Wife filed a second notice of appeal of the denial of her Rule 83 motion and the court's February minute entry.

¶10 Wife timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11 Wife contends that the superior court (1) violated her due process rights by denying her motions for more trial time, (2) should not have denied her Rule 83 motion, (3) lacked jurisdiction to issue the post-decree minute entry, and (4) erred by not dividing an undisputed community asset in the decree.

## I.      Due Process

**¶12**         Wife asserts that the superior court's refusal to expand the trial infringed on her due process rights by denying her an adequate opportunity to be heard. She argues she timely requested more trial time to address newfound evidence, and that the court's denial of her requests forced her to "jettison evidence as to some issues in order to present others."

**¶13**         "Whether the superior court afforded [Wife] due process presents a question of law we review *de novo*." *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020).

**¶14**         Due process requires that litigants be heard at a meaningful time and in a meaningful manner, *id.* at ¶ 29, but it does not require that litigants be given as much time as they request. "[T]he due-process right to an adequate opportunity to be heard must be balanced against the superior court's broad discretion to impose reasonable time limits on proceedings and control the management of its docket." *Id.* A superior court need not "indulge inefficient use of time by parties or their counsel," and "whether additional time is necessary remains committed to the court's discretion." *Id.* "Appellate courts do not substitute their judgment for that of the [superior] court in the day-to-day management of cases." *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992).

**¶15**         For nearly two years, Wife stipulated to keep this case on the inactive docket. During that time, Wife did not depose any witnesses, subpoena Husband's business for records, or otherwise engage in discovery. And while she claims Husband withheld disclosure, she never moved to compel disclosure. She did nothing until a month before trial, when she moved to sanction Husband for disclosure violations and to enlarge or continue the trial. But Wife's pre-trial motions did not specify what disclosure Husband allegedly withheld and did not follow the superior court's clear instructions for requesting more trial time. At trial, Wife spent all her time trying to gather evidence through witness testimony to make up for her failure to conduct discovery. The superior court's refusal to indulge Wife's inefficient use of time was not a due process violation. We affirm the superior court's denials of Wife's motions for more time.

## II.      Denial of Wife's Rule 83 Motion

**¶16**         We review an order denying a Rule 83 motion to alter or amend for an abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App. 2020).

¶17        Wife argues the superior court should have granted her Rule 83 motion because it raised the same due process arguments she raises on appeal. We have already concluded the superior court did not violate Wife's due process rights by refusing to indulge her inefficient use of time. We thus reject this argument.

¶18        Wife also argues the superior court should have granted her Rule 83 motion because she had "new evidence that should have allowed the superior court to reopen evidence."

¶19        Rule 83(a)(1)(E) allows the court to alter or amend its rulings based on "newly discovered material evidence." Ariz. R. Fam. Law P. 83(a)(1)(E). The rule is permissive, not mandatory.

¶20        And Rule 83(a)(1)(E) only permits alteration or amendment of a ruling for evidence that "could not have been discovered and produced at trial with reasonable diligence." *Id.* Wife claims that the night before trial, a witness sent her thousands of invoices from Husband's construction business. She argues she had no idea the witness had the invoices, but does not assert she was unaware that the invoices existed. And Wife's summary of the invoices, which she attached as an exhibit to her Rule 83 motion, shows that the invoices were all from 2020 through 2022. Even if Wife was unaware that one of her witnesses had the invoices, she points to nothing in the record indicating she could not have discovered them by subpoenaing Husband's construction business or deposing the business's employees in the two years that elapsed between petition and trial.

¶21        Thus, Wife has not shown that her newly-discovered evidence "could not have been discovered and produced at the trial with reasonable diligence." *See id.* Her failure to meaningfully engage in discovery until the night before trial was not an exercise of reasonable diligence. *See Nardini-Smith v. Jolly*, 1 CA-CV 20-0682 FC, 2021 WL 4163496, at *3, ¶ 26 (Ariz. App. Sept. 14, 2021) (mem. decision) ("Mother had four months to prepare for trial . . . Mother could have discovered and produced at the trial with reasonable diligence the evidence of expenses she presented in her [Rule 83] motion." (cleaned up)).

¶22        The superior court did not abuse its discretion in denying Wife's Rule 83 motion.

5

## III.    The Superior Court's Jurisdiction

**¶23**        Wife asserts the superior court lacked jurisdiction to issue the post-decree minute entry because she had already appealed the decree, thus divesting the superior court of jurisdiction over the case. Not so.

**¶24**        "Whether a court has jurisdiction to adjudicate a claim is a question of law we review de novo." *Alulddin v. Alfartousi*, 255 Ariz. 436, 440, ¶ 8 (App. 2023).

**¶25**        Wife filed a Rule 83 motion to alter or amend the decree four days before she appealed the decree. Her Rule 83 motion asked the court to hold another hearing so she could introduce more testimony and exhibits. A motion requesting a new hearing is a "substantive matter[] requiring the discretion of the decision-maker." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 38 (2006). And a notice of appeal filed while a substantive motion is pending in the superior court is premature and ineffective. *See id.*; *see also In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 231, ¶ 8 (App. 2012) ("[A] notice of appeal is premature if there are any unresolved claims when the notice is filed[,] and all premature notices of appeal are ineffective and a nullity."). Because Wife's substantive Rule 83 motion was pending when she filed her notice of appeal, the notice of appeal was premature and ineffective. The superior court thus had jurisdiction to issue the post-decree minute entry.

## IV.    Division of the Community Business

**¶26**        "We review the [superior] court's division of property for an abuse of discretion." *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).

**¶27**        Wife argues the superior court erred by making no ruling on Husband's construction business because (1) the business was an undisputed community asset, and (2) Wife introduced sufficient evidence of its existence and operations.

**¶28**        Husband asserts the decree addressed the construction business by awarding him all his sole and separate property. He contends that award includes the business because his interest in the business is his sole and separate property, and Wife failed to present evidence of her claim to it.

**¶29**        Husband's tautology fails for three reasons. First, Husband's interest in the business is not his sole and separate property—it is

community property because he acquired it during the marriage. *See* A.R.S. § 25-211(A). Second, Husband, not Wife, bore the burden to show by clear and convincing evidence that the business was *not* community property. *See Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). Third, Husband misrepresents the language in the decree. The decree stated that Husband "is awarded as sole and separate property . . . all vehicles, household furniture, furnishings and appliances, and other related personalty in his[] possession." That language merely clarified that personal property already in Husband's possession was his sole and separate property. It did not transform a community asset into sole and separate property.

**¶30**        A superior court must divide community property equitably. A.R.S. § 25-318(A). "[T]he general principle [is] that all marital joint property should be divided substantially equally unless sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). "[A] substantially unequal division of property . . . represent[s] a rare exception." *In re Marriage of Flower*, 223 Ariz. 531, 539, ¶ 35 (App. 2010).

**¶31**        Whether or not the superior court intended to award the business to Husband, the decree's failure to address the business allowed Husband to keep his entire interest, thus resulting in an unequal division of that marital asset. That unequal division contradicts the superior court's express finding in the decree that "an equal division of community property is appropriate to achieve equity." Given the superior court's finding that no sound reason existed to depart from the general rule of equal division, we conclude that the decree's silence on the community business was error. *See Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009) (abuse of discretion is "discretion . . . exercised on untenable grounds").

**¶32**        We thus vacate the decree's division of community property and remand to the superior court to equitably divide Husband's interest in the construction business. We leave to the superior court's discretion how best to implement the division. *See, e.g.*, *Meister v. Meister*, 252 Ariz. 391, 400, ¶ 31 (App. 2021) (determine value of business interest and order equitable payment to wife); *Dole v. Blair in & for Cnty. of Maricopa*, 248 Ariz. 629, 633, ¶ 16 (App. 2020) (sale and division of proceeds); *Barnett v. Jedynak*, 219 Ariz. 550, 553–54, ¶¶ 14–21 (App. 2009) (equitable lien). The superior court may consider that Husband conceded at oral argument that Wife is entitled to fifty percent of his interest in the business. Husband also acknowledged that Wife's entitlement would "potentially" extend to Husband's future earnings from the business. However the superior court decides to divide the business, it "must provide enough analysis, however labeled, to allow an appellate court to fulfill its obligation to decide whether the . . . property

distribution[] withstand[s] the test of equity and fairness." *Meister*, 252 Ariz. at 400, ¶ 30.

## ATTORNEY FEES AND COSTS ON APPEAL

**¶33** Both parties seek attorney fees and costs on appeal under ARCAP 21 and A.R.S. § 25-324. In our discretion, and after considering the parties' financial resources and positions taken on appeal, we decline to award attorney fees to either party.

## CONCLUSION

**¶34** We vacate the decree's division of community property and remand for proceedings consistent with this decision. We affirm the rest of the decree and the post-decree minute entry except to the extent the superior court may find necessary to achieve an equitable division of the construction business. Although our due process analysis concluded that Wife is not entitled to more trial time, the superior court retains discretion to hold whatever additional proceedings necessary to equitably divide the construction business.



AMY M. WOOD • Clerk of the Court
FILED:

JR