IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SUSANNE KAY STOCK,
*Petitioner/Appellee,*

*v.*

MICHAEL JOSEPH STOCK,
*Respondent/Appellant.*

No. 1 CA-CV 20-0015 FC

FILED 1-21-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201800931
The Honorable Cele Hancock, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**

COUNSEL

Popp Law Firm PLC, Tempe
By James S. Osborn Popp
*Counsel for Petitioner/Appellee*

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Respondent/Appellant*

---

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        Michael Joseph Stock (Husband) appeals from the denial of his motion to alter or amend post-decree orders awarding a portion of his federal retirement benefits, including for his pre-marriage federal service, to Susanne Kay Stock (Wife). The community is entitled to reimbursement for community funds used to purchase a credit for Husband's pre-marriage federal service. Wife, in turn, is entitled to receive her portion of that reimbursement plus interest from the time of purchase. The community, however, did not acquire an ownership interest in retirement benefits attributable to Husband's pre-marriage service. Accordingly, the order denying Husband's motion to alter or amend is reversed to the extent that it addresses Husband's federal service credit, and this matter is remanded for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2        During the marriage, the parties increased Husband's federal retirement benefits by using community funds to purchase credit for time Husband served in the military before the marriage. After Wife petitioned for dissolution, the parties entered into a settlement agreement dividing community property, which the court incorporated into the decree. Consistent with that settlement agreement, the decree awarded Wife her community portion of Husband's federal retirement benefits.

¶3        Wife later moved for entry of retirement benefit division orders, lodging proposed orders awarding her 37.09 percent of Husband's monthly federal retirement benefits. Wife calculated that percentage by comparing the months of Husband's federal service and the months of the marriage, divided by half to reflect her interest in the community portion of the benefits. Wife's calculation included in both time periods the months of pre-marriage service credit purchased with community funds. Wife's proposed orders also directed payment of her share of the retirement benefits directly to her, and then to her estate if she predeceased Husband. Husband opposed Wife's motion and lodged competing orders that would

2

award Wife a pro rata share of his gross monthly federal retirement benefits, excluding the purchased pre-marriage service credit. Husband's competing orders also would direct that payment be made to Wife, but not to her estate. Husband requested that the court enter his proposed orders or set the matter for an evidentiary hearing.

**¶4** The court entered Wife's proposed orders, stating they were consistent with the parties' agreement reflected in the decree. Husband unsuccessfully moved to alter or amend and for an evidentiary hearing.[1] This court has jurisdiction over Husband's timely appeal of the denial of that motion pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1)(2020).[2]

## DISCUSSION

**¶5** This court reviews an order denying a motion to alter or amend for an abuse of discretion. *In re the Marriage of McLaughlin*, 2 CA-CV 2019-0210, 2020 WL 5887214, at *4 ¶ 17(Ariz. App. 2020). This court reviews de novo, however, the court's characterization of community property. *In re Marriage of Foster*, 240 Ariz. 99, 101 ¶ 5 (App. 2016).

---

[1] Hours after the court entered the orders submitted by Wife, Husband filed a supplemental response and notice of Social Security offset pursuant to *Kelly v. Kelly*, 198 Ariz. 307 (2000). His motion to alter or amend, however, made no substantive offset argument, stating only that "it appears that this court failed to consider the social security offset remedy before entering the" orders. Husband took no further action on his supplemental response and notice, but now argues the superior court erred in not considering the Social Security offset. That court, however, could not address an argument not properly before it, meaning the argument was waived. *See, e.g., Cullum v. Cullum,* 215 Ariz. 352, 355 n.5 ¶ 14 (App. 2007) (party generally cannot argue on appeal legal issues not timely raised with the trial court); *Evans Withycombe, Inc. v. Western Innovations, Inc.*, 215 Ariz. 237, 240 ¶ 15 (App. 2006) (issues not timely raised deprive opposing party of the "opportunity to fairly respond").

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## I. The Payable-to-the-Estate Provision Did Not Modify the Decree.

**¶6**         Husband argues the court inappropriately modified the property disposition provision of the decree in violation of A.R.S. § 25-327(A) when it ordered payment of his retirement benefit to Wife's estate. Husband argues that, because the parties did not include a payable-to-the-estate provision in their agreement, the court erred in including this provision in the retirement benefit orders.

**¶7**         The payable-to-the-estate provision in the post-decree orders did not modify the decree. The parties included Husband's federal retirement benefits in their settlement agreement to divide community property. That settlement agreement was the basis for the corresponding provisions in the decree. Upon dissolution, Wife's community share became her "immediate, present, and vested separate property interest" to be disposed of as she wished. *Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986). Accordingly, the court did not abuse its discretion by including the payable-to-the-estate provision.

## II. The Federal Retirement Benefits Calculation Was in Error.

**¶8**         Husband argues the court erred in awarding Wife 37.09 percent of his federal retirement benefits because that calculation improperly included additional credit for time he served in the military before the marriage. Husband also argues that the purchase of that credit with community funds did not change his separate property interest, as a result of that pre-marital service, to community property.

**¶9**         Wife argues Husband waived his right to challenge the post-decree orders by not appealing the decree. Not so. As noted above, the court entered the post-decree orders noting they were consistent with, and done so to effectuate, the agreements reflected in the decree. Moreover, Husband timely filed this appeal addressing the denial of his motion to alter or amend the post-decree orders. Accordingly, there was no waiver by Husband's failure to appeal the decree and this court has appellate jurisdiction over Husband's appeal. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 12 (App. 2007) (citing cases).

**¶10**         Turning to the merits, stated simply, property acquired during marriage is community property, while property owned or acquired before marriage is separate property. A.R.S. § 25-213. A basic tenet of Arizona's "community property law is that property acquires its character as community or separate depending upon the marriage status of its owner at the time of acquisition. 'Time of acquisition' refers to the time at which

the right to obtain title occurs, not to the time when legal title actually is conveyed." *Potthoff v. Potthoff*, 128 Ariz. 557, 561 (App. 1981) (citations omitted). More specifically, when community funds are spent on identifiable separate property, "the community [does] not thereby acquire an interest in the title of the [separate] property itself, but merely ha[s] a claim for reimbursement on account of the community funds thus expended." *Id.* (citing *Kingsbery v. Kingsbery*, 93 Ariz. 217 (1963) and *Lawson v. Ridgeway*, 72 Ariz. 253 (1951)); *see also Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977); A.R.S. §§ 25-211(A), -318(A).

¶11　　　　These and other bedrock Arizona principles are accompanied by numerous resulting corollaries. For example, although "the fruits of labor expended during marriage are community property," *Koelsch*, 148 Ariz. at 181, the opposite is equally true: the fruits of labor expended before marriage are separate property. For labor expended during marriage, "even if the employee spouse is not yet entitled to a pension, [a spouse] 'and thereby the community, does indeed acquire a property right in . . . pension benefits,' even if the rights have not vested, that is subject to division upon dissolution." *Boncoskey*, 216 Ariz. at 451 ¶ 14 (citation omitted). Again, however, the opposite is true: a pension right acquired for labor expended before marriage is separate property, even if funds are used during the marriage to cause that pre-marriage property right to vest (regardless of the source of the funds used).

¶12　　　　This does not mean that the source of those funds is irrelevant. Quite the contrary. Where, as here, community funds are used to acquire separate property rights in a pension, the community is entitled to reimbursement for the funds used. But, as noted above, the community does not thereby "acquire an interest in the title of the [separate] property itself." *Bourne*, 19 Ariz. App. at 231 (citing cases).

¶13　　　　The parties have not cited, and the court has not found, any Arizona case addressing the precise issue presented here in the context of retirement benefits. Cases in other states that have done so recognize that the community does not acquire an interest in pension benefits attributed to pre-marital service. *See, e.g., In re Marriage of Green*, 302 P.3d 562, 567, 568 (Cal. 2013) ("[H]usband rendered his [four years of] military service before the marriage, making the military service credit his separate property . . . . [T]he difference in value between the four years' worth of credit and the cost of obtaining it is husband's separate property, subject to reimbursement for the community's contribution to the cost of obtaining the credit."); *Valachovic v. Valachovic*, 9 A.D.3d 659, 660 (N.Y. App. Div. 2004) (concluding, where it was "undisputed" that "three years of military

service preceded the marriage . . . . [w]hether and to what extent a pension benefit is marital or separate property is determined by the time period in which the credit for the pension was earned. As the three years in issue were admittedly earned prior to the marriage, they remain [husband's] separate property.").

¶14        These out-of-state cases apply different statutory schemes. But their analysis is consistent with Arizona law, including the property acquisition principles outlined above. In supplemental briefing, Wife argues that these out-of-state cases are inconsistent with how Arizona law values defined-benefit plans, which looks either to present valuation and offset with other community assets, or by division of the benefit when it first reserves jurisdiction and then uses a domestic relations order. *See Koelsch*, 148 Ariz. at 181-84. Wife's argument, however, conflates the issue of the valuation of community property with the issue of what is community property and what is separate property. Moreover, Wife has not shown how acknowledging Husband's pre-marriage service time as his separate property somehow deviates from Arizona's pension valuation methods, or Arizona law more broadly.

¶15        Applying this approach here means that the pre-marriage service credit in the orders Husband challenges was erroneous in two respects: (1) Wife should not have been awarded half of the credit for Husband's pre-marital service time purchased using community funds but, instead, should be awarded her share of the community funds used to purchase that credit plus interest from the time of purchase and (2) Wife should be awarded her share of the community's interest in Husband's retirement benefits excluding Husband's pre-marriage service credit. Using Husband's 348 months of federal employment service, of which 246 were during the marriage, yields a community percentage interest of 70.69 percent, of which Wife's share is 35.35 percent. This percentage, which is somewhat less than the percentage used in the orders Husband challenges, should be applied on remand.

## CONCLUSION

¶16        The order denying Husband's motion to alter or amend post-decree orders awarding retirement benefits to Wife is reversed to the extent that it addresses Husband's pre-marriage military service credit, for the reasons set forth above. That issue is remanded for the superior court to (1) award Wife her share of the community funds used to purchase that pre-marriage service credit plus interest from the time of purchase and (2) to award Wife her 35.35 percent share of the community's interest in

Husband's retirement benefits. In this court's discretion, both parties' requests for attorneys' fees are denied. Husband is awarded his taxable costs on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA