NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LINDSAY HUNTER CARRION, *Petitioner/Appellee,*

*v.*

JEFF CARRION, *Respondent/Appellant.*

No. 1 CA-CV 22-0135 FC
FILED 9-22-2022

Appeal from the Superior Court in Maricopa County
No. FC2014-093116
The Honorable Rusty D. Crandell, Judge

**AFFIRMED**

COUNSEL

Popp Law Firm PLC, Tempe
By James S. Osborn Popp
*Counsel for Petitioner/Appellee*

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

_____

**B A I L E Y**, Judge:

¶1        Jeff Carrion ("Husband") appeals the superior court's post-decree domestic relations orders addressing the division of two retirement assets—Husband's Arizona Public Safety Personnel Retirement System ("PSPRS") pension and his City of Peoria 401(a) Plan account—between him and his ex-wife, Lindsay Hunter Carrion ("Wife"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife were married in 1999, and Wife petitioned for divorce in May 2014. In August 2014, the couple divorced pursuant to a consent judgment and decree of dissolution ("the decree"), approved by the court. Husband, a Peoria police officer with about 14 years' service at that time, agreed to pay child support and spousal maintenance. The decree attached the parties' settlement agreement ("Exhibit A"), which assigned and awarded their debts and property, including each party's interest in various retirement assets. In part, the decree provided that Wife receive:

> One half of the community interest in any employment benefits and deferred compensation, including pension and retirement benefits, as a result of [Husband's] employment including, but not limited to, [Husband's PSPRS] retirement and his 401(k), but shall not include his "deferred comp" account[1] which is awarded to [Husband] in its entirety.

The decree expressly contemplated Husband's retirement "at the normal 20 year retirement" in July 2020 and also provided that the superior court would reserve "jurisdiction to enter any orders necessary to divide retirement assets as provided in Exhibit A," the settlement agreement.

_____

[1]       As to the "'deferred comp' account," Husband also had a City of Peoria 457 Deferred Compensation Plan account ("the 457 plan").

¶3 In April 2021, Wife sent to Husband proposed domestic relations orders for the PSPRS and 401(a) accounts for Husband's signature, so the orders could be filed as stipulated orders. Husband responded by filing a "Motion to Enforce Final Judgment of Dissolution of Marriage," raising numerous challenges to Wife's proposed domestic relations orders, and lodged with the court a proposed order dividing the PSPRS benefits. Among other things, Husband argued that Wife was not entitled to one-half of his *401(a)* account because Exhibit A did not mention a *401(a)* account; instead, it provided only that Wife would receive one-half of his *401(k)* account—an account that did not exist. Husband characterized the 401(a) vs. 401(k) issue as a "mutual mistake."

¶4 Wife opposed Husband's motion and filed a petition asking the superior court to enter her proposed orders. After oral argument in July 2021 on the competing filings, the court found that Wife's interest in the PSPRS account included the right to direct her monthly benefit to her estate should she predecease Husband but that "issues concerning valuation of the [PSPRS] retirement account and the meaning of '401(k)' under the decree shall abide trial."

¶5 In December 2021, the court held an evidentiary hearing on Husband's motion and Wife's petition, hearing testimony from both parties. The court found that (1) Exhibit A, the parties' settlement agreement, had merged into the decree; (2) the decree's reference to a 401(k) account instead of a 401(a) account was a clerical mistake under Arizona Rule of Family Law Procedure ("Rule") 85(a); (3) relief on that mistake was alternately available to Wife under Rule 85(b); (4) Wife had acted timely when she learned of the 401(a) vs. 401(k) issue; and (5) it was appropriate to conclude the decree ordered a division of the PSPRS pension to Wife based on the "time formula" rule of multiplying one-half the total benefit times the duration of Husband's service during marriage divided by the total duration of his service. The court later entered the domestic relations orders Wife had lodged.

¶6 We have jurisdiction over Husband's timely notice of appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(2); *see also Yee v. Yee*, 251 Ariz. 71, 73, ¶ 1 (App. 2021).

## DISCUSSION

¶7 We review *de novo* legal questions, such as interpreting statutes, rules, and the decree. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 524, ¶ 10 (App. 2014); *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001).

We review factual findings for an abuse of discretion and will not overturn them unless they are clearly erroneous. *Danielson*, 201 Ariz. at 406, ¶ 13.

I.      The Court's Merger Finding and Its Timing

**¶8**        Husband argues the superior court erred in (1) finding that Exhibit A was merged into the decree and (2) concluding that Wife's interest in the PSPRS account included the right to direct her monthly benefit to her estate should she predecease Husband, especially before deciding the merger issue.

A.  The Merger Finding

**¶9**        Whether an agreement is merged into a decree turns on the parties' and the court's intentions, which are primarily reflected by the language of the decree and agreement. *LaPrade v. LaPrade*, 189 Ariz. 243, 248 (1997). "When merger occurs, 'the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such.'" *Id.* at 247 (citations omitted). "If language exists within the [a]greement or [d]ecree that orders the parties to perform the terms of the separation agreement, 'merger' is indicated." *Id.* at 248 (citations omitted). Further, "a property settlement merges with a decree of dissolution unless the settlement agreement expressly provides otherwise." *Id.* (citations omitted). "[W]here there is language in the agreement from which it is clear that merger is not intended, language 'incorporating' the agreement into the decree merely identifies the agreement rather than merging it in the decree." *Id.* (citation omitted).

**¶10**        Here, Exhibit A includes orders of the court, not a separate contract between the parties. The decree also references Exhibit A as additional orders of the court, not as a contract. Nor is there any provision in Exhibit A that reflects an intention that its terms were not to be set forth in the decree, which otherwise could prevent merger. *See* A.R.S. § 25-317(D). The decree language is consistent with a consent decree under Rule 45, and the decree is a final order, subject to correction and relief-from-judgment arguments. *See* Ariz. R. Fam. Law P. 85(a)-(b). The parties' signatures approve all the consent decree terms, affirm that statutory requirements for entering the decree have been met, and do not exist as a separate enforceable contract. Moreover, Husband's own post-decree motion that the court enforce the decree and enter a domestic relations order regarding the PSPRS is based on the merger of the property division

terms sought to be enforced. Husband has thus shown no error in the court's merger finding.

### B. Wife's Right to Direct Her PSPRS Pension Benefits

**¶11**     We also reject Husband's argument that Wife's interest in the PSPRS account did not include the right to direct her monthly benefit to her estate should she predecease Husband.

**¶12**     Husband's argument is contrary to Arizona's cases on the issue. Property awarded in a decree at dissolution becomes the receiving spouse's separate property. *Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986). Control over separate property includes the right to direct retirement benefits to one's estate. *Stock v. Stock*, 250 Ariz. 352, 354, ¶¶ 6-7 (App. 2020). A separate property interest in PSPRS benefits is divisible to the former spouse's estate. *Snyder v. Tucson Police Pub. Safety Pers. Ret. Sys. Bd.*, 201 Ariz. 137, 141, ¶ 14 (App. 2001).

**¶13**     And as to the timing of the court's ruling, although the better practice would have been for the court to have made its merger finding before ruling that Wife could direct her separate PSPRS pension benefits to her estate, the court's ruling is consistent with the merger of Exhibit A into the decree. Also, the court held both an oral argument and an evidentiary hearing before making an express finding that the property division terms in Exhibit A merged into the decree. Husband did not provide us with a transcript of the July 2021 oral argument, and we assume the missing transcript supports the superior court's conclusions and orders. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); ARCAP 11(b)(1). Nor did Husband request findings of fact and conclusions of law from which he might have better challenged the court's rulings. *See* Ariz. R. Fam. Law P. 82(a)(1). On this record, Husband has shown no error.

### II.     The Court's Ruling That the Decree Contained a Clerical Error

**¶14**     Husband argues that the court improperly and untimely "modified" the decree to change the reference to a non-existent 401(k) to his 401(a) account.

**¶15**     Under Rule 85(a), "[a] court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment, order, or other part of the record." A clerical error is generally inadvertent and may be evidenced by a misstatement or omission, while a judgmental error occurs when a decision is accurately set forth but legally incorrect. *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 8 (2017) (citations omitted).

Clerical errors may be corrected at any time, and when a party asserts a clerical error has occurred, the court "should examine the record to determine whether the judgment accurately recorded the court's intent. If not, the judgment should be corrected." *Id.*

**¶16**   As relevant here, the decree awards Wife a one-half property interest in Husband's "401(k)," leaving to Husband his "'deferred comp' account." The record shows that Husband participated in two defined contribution plans, a City of Peoria 401 Plan and a City of Peoria 457 Plan. Husband's 401 plan documents do not specify whether they are "(k)" or "(a)" plans. Wife testified that, during their marriage, the parties referred to the 401(a) plan as Husband's "401(k)" and referred to the 457 plan as the "deferred comp" plan. She stated that she first learned the account "was an (a) not a (k)" in May 2021. She also testified that the parties' intent was to divide the 401 plan but to award the 457 plan to Husband.

**¶17**   Husband testified that when he was first presented with the parties' settlement agreement in 2014, he informed Wife he had a 401(a), not a 401(k), plan, but Wife "did not want to take the time to have the documents amended." Husband claimed that the decree's reference to 401(k) account is to a non-existent account, and that the reference to "deferred comp," which is awarded to him in the decree, should be interpreted as including both the 457 and 401(a) plans.

**¶18**   The superior court found credible Wife's testimony that it was the parties' intent that the 401(a) plan be divided. The court found that the reference to 401(k) rather than 401(a) "was a clerical mistake arising from oversight or omission," and that correcting that mistake would carry out the parties' intent.

**¶19**   We defer to the superior court's credibility determinations and the weight it gave any conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); Ariz. R. Fam. Law P. 82(a)(5). And Husband has not shown error in the court's finding that this was a clerical mistake. Given the court's resolution of the credibility issue, it did not err in concluding the reference to 401(k) was a reference to Husband's 401(a) plan and in determining the decree contained a clerical mistake subject to correction under Rule 85(a).

**¶20**   We also agree with the superior court that its ruling was not a modification of the decree, as Husband claims, but was instead an order applying and implementing the parties' clear intent and the decree. Our

ruling renders moot Husband's additional arguments based on his premise that the court modified the decree.

III.     The PSPRS Division

**¶21**         Husband also argues the superior court erred in concluding that under the decree, division of the PSPRS pension to Wife is based on the "time formula" rather than a "frozen benefit formula" advocated by Husband.

**¶22**         An employee, and thereby the community, acquires "a property right in unvested pension benefits" and "to the extent that such a property right is earned through community effort, it is properly divisible by the court upon dissolution of the marriage." *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977). The community share of a pension plan such as PSPRS "is determined by dividing the length of time worked during the marriage by the total length of time worked toward earning the pension." *Hetherington v. Hetherington*, 220 Ariz. 16, 19, ¶ 10 (App. 2008) (citation omitted); *see also Johnson v. Johnson*, 131 Ariz. 38, 41 (1981) (recognizing that a non-employee spouse may be awarded her community interest in the employee spouse's pension benefits under either the "present cash value method" or the "reserved jurisdiction method").

**¶23**         Here, the decree provides that if Husband did not retire at 20 years, he "shall pay to [Wife] each month an amount equivalent to what her monthly payment from the retirement system would be if [Husband] had retired at 20 years," which he did.

**¶24**         Wife argued the court should use the "reserved jurisdiction method" of the time formula. *See Johnson*, 131 Ariz. at 41. "Under the 'reserved jurisdiction method,' the court determines the formula for division at the time of the decree but delays the actual division until payments are received, retaining jurisdiction to award the appropriate percentage of each pension payment if, as, and when, it is paid out." *Id.* (internal footnote and citations omitted). To that end, Wife argued her share of the PSPRS pension benefit should be calculated by multiplying approximately 14/20 x .5 of the benefit payable at 20 years. The court agreed.

**¶25**         Husband argued that Nevada law should apply and testified he "wasn't a hundred percent sure" how the pension was divided, and nothing in the decree suggests the use of the novel "frozen benefit formula" espoused by Husband. The court rejected Husband's argument that the decree awarded Wife a benefit amount frozen at fourteen years of service

(the duration of Husband's service during marriage). Instead, the court agreed with Wife that the time formula applied, concluding that its ruling was consistent with the plain language of the decree and not modification of the decree.

**¶26** We find no error in the superior court's ruling. Husband's requests to apply a frozen benefit formula, and to apply Nevada law, are not supported by the facts as found by the superior court, Arizona law, or the decree.

IV. Costs and Attorneys' Fees on Appeal

**¶27** Both parties request costs and attorneys' fees incurred in this appeal pursuant to A.R.S. § 25-324. Having considered the relevant factors and in an exercise of our discretion, we award Wife her taxable costs and reasonable attorneys' fees in an amount to be determined upon compliance with Rule 21, ARCAP.

**CONCLUSION**

**¶28** The superior court's orders are affirmed.

