NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MARIA E. MONTOYA LUQUE,
*Petitioner/Appellee,*

*v.*

RAMIRO ALVAREZ OCAMPO,
*Respondent/Appellant.*

No. 1 CA-CV 24-0173 FC

FILED 10-24-2024

Appeal from the Superior Court in Maricopa County
No.  FN2023-050740
The Honorable James R. Knapp, Judge

**AFFIRMED**

COUNSEL

Michael L. Gertell LLC, Phoenix
*Counsel for Respondent/Appellant*

_____

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

_____

**T H U M M A**, Judge:

¶1            Ramiro A. Ocampo (Husband) appeals from a decree of dissolution of his marriage to Maria E. Montoya Luque (Wife). As applicable here, the decree found that a house in Washington state was community property and required that it be sold, and the proceeds be split equally. Because Husband has shown no error, the decree is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2            Husband and Wife married in 2015 and have no children together. In 2023, Wife filed a petition for the dissolution of marriage. The petition inconsistently stated that Husband and Wife "did not acquire any community property during the marriage," but then listed a house in Washington as community property, asking that it be divided between Husband and Wife. The petition added that Husband and Wife "did incur community debts during the marriage," consisting of a mortgage loan.

¶3            Husband's response was similarly inconsistent. It stated both (1) that Husband and Wife "did not acquire any community property during the marriage" and (2) that they had community property real estate consisting of a house located in Washington. Husband asked that the Washington house be awarded to him, and that a Phoenix house (also listed as community property) be awarded to Wife. Husband's response listed no separate property, later stating that, during the marriage, Husband and Wife "bought a property in Mexico and [Wife] kept it." The response also stated that "[d]uring the marriage, [Wife] left the marital home and verbal[ly] agreed [she] had no interest in the Washington property and [she] signed a [quitclaim] deed."

¶4            Both parties were self-represented during the superior court proceedings and made various pretrial filings tracking these inconsistent positions. The parties did not file a joint pretrial statement; Husband filed no pretrial statement and Wife filed a separate pretrial statement, reiterating the relief she had requested.

**¶5** Wife attended trial held in January 2024, but Husband did not and provided no good cause for that failure. At trial, Wife testified the Washington house was purchased in August 2017, during the marriage. At that time, Wife was living in Mexico, so Husband sent the paperwork for the property through the American Consulate in Tijuana for Wife to sign.

**¶6** Wife testified she was unaware of any quitclaim deed until Husband mentioned it during a phone call the month before trial. She recalled that, when purchasing the house in August 2017, Husband sent her documents to sign, telling her they were the deed to the Washington house. Because she did not speak English, she took Husband's word and signed the documents, despite not understanding what the documents said.

**¶7** The day after trial, the court issued a decree of dissolution. After concluding an equal division of community property was appropriate, and after considering the evidence, witness demeanor and arguments, the court divided the equity in the Washington house equally. In doing so, the court noted the presumption that "any property acquired by either spouse during marriage is community property, unless demonstrated otherwise by clear and convincing evidence." *See Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979). Husband, by failing to attend trial, had not presented controverting evidence and the trial record includes no quitclaim deed. The court found the Washington house, which was purchased during the marriage, "is community property." The court then directed the house be listed for sale within 45 days, "with the proceeds divided equally after the payment of all debts."

**¶8** Husband timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) and -2101(A)(1)(2024).[1]

## DISCUSSION

**¶9** Wife failed to submit an answering brief, which this court may consider as a confession of error. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269 ¶ 13 (App. 2007) (citing cases). Given a general preference to consider the merits of appeals, the court will address the merits of Husband's appeal. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966). Husband argues the superior court erred in classifying the

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Washington house as community property because (1) the house was purchased before the parties were married and (2) Wife waived her rights to the Washington house by signing the quitclaim deed. Husband also seems to argue the superior court erred in dividing the equity of the house equally. The court addresses those arguments in turn.[2]

**¶10** Husband argues the Washington house was purchased before the marriage and, therefore, was not community property. This court reviews the characterization of community property de novo. *In re Marriage of Foster*, 240 Ariz. 99, 101 ¶ 5 (App. 2016) (citing cases).

**¶11** Stated simply, property acquired during a marriage is community property, while property acquired before marriage is separate property. A.R.S. §§ 25-211, -213. "A basic tenet of Arizona's 'community property law is that property acquires its character as community or separate depending upon the marriage status of its owner at the time of acquisition.'" *Stock v. Stock*, 250 Ariz. 352, 355 (App. 2020) (citation omitted).

**¶12** The only mention on the trial record about the purchase date of the Washington house is Wife's testimony that the house was purchased in August 2017, with Husband and Wife having gotten married in 2015. Although Husband's response to the petition for dissolution stated no community property was acquired during the marriage, Husband listed the house as community property and listed no separate property. Husband's response did not assert that the house was purchased before the 2015 marriage. On this record, Husband has shown no error in the superior court finding the Washington house was purchased during the marriage.

**¶13** On appeal, Husband argues what he describes as a "nonverbal response that was assumed by the Court to be an answer to [a] question tends to leave this writer flummoxed." That question and answer, however, was as follows: "Q. So is your name listed on the title of that property? A. Uh-huh." Although not a model of clarity, the transcript

---

[2] Husband also asserts he was 20 minutes late to trial and unsuccessfully tried to join by phone. But nothing in the record supports this argument. The trial lasted 40 minutes and Husband did not raise any such issue in superior court. Thus, Husband has waived any such argument on appeal. *See Trantor v. Fredrikson*, 179 Riz. 299, 300 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

reflects a verbal response that the superior court properly could consider as an answer.

¶14      Turning to the alleged quitclaim deed, although asserting a verbal agreement by Wife that she had no interest in the Washington house and signed a quitclaim deed, Husband provided no evidence at trial supporting those positions. Husband failed to file a pretrial statement and failed to properly list any quitclaim deed as an exhibit. *See* Ariz. R. Fam. Law. P. 76.1(g)(13). And as noted above, the trial record includes no quitclaim deed.

¶15      The only evidence in the record relating to a quitclaim deed was Wife's testimony that she was unaware of any such document, until Husband mentioned a quitclaim deed a month before trial. On this record, Husband has shown no error in the superior court rejecting any argument that a quitclaim deed mandated a different outcome. *See, e.g., Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998) (appellate courts defer to trial court's credibility determinations); *Goats v. A.J. Bayless Mkts, Inc.*, 14 Ariz. App. 166, 171 (1971) (noting trial court is in the best position to weigh and assess witness credibility and conflicting evidence) (citations omitted).

¶16      Finally, Husband appears to argue, without supporting authority, that the superior court should have ordered an unequal distribution of the community property. Much if not all of this argument is based on what "Husband had stated in his pleadings," which is not trial evidence. Moreover, "[m]erely mentioning an argument in an appellate brief is insufficient." *MacMillan v. Schwartz,* 226 Ariz. 584, 591 ¶ 33 (App. 2011) (citing cases). Thus, Husband has shown no error in the equal division of the community property.

## CONCLUSION

¶17      Because Husband has shown no error, the decree is affirmed.

