NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DANIEL EDWARD LAZORCAK, *Petitioner/Appellant*,

*v.*

SUZANNE PATRICIA LAZORCAK, *Respondent/Appellee*.

No. 1 CA-CV 24-0175 FC
FILED 12-24-2024

Appeal from the Superior Court in Maricopa County
No.   FN2020-096003
No.   FN2020-096012
The Honorable Michael Valenzuela, Judge
The Honorable Marvin L. Davis, Judge

**VACATED AND REMANDED IN PART**

COUNSEL

Gillespie, Shields & Taylor, Phoenix
By Mark A. Shields
*Counsel for Petitioner/Appellant*

Riley Law Firm PLC, Phoenix
By Daniel Riley
*Co-Counsel for Respondent/Appellee*

Swiren & Witzleb, Phoenix
By Amy Joy Witzleb, Sara A. Swiren
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1          Daniel Edward Lazorcak (Husband) appeals the superior court's characterization of Starbucks stock shares as community property owned jointly with Suzanne Patricia Lazorcak (Wife). Because the court applied an incorrect burden of proof and failed to engage in an apportionment analysis, we vacate this portion of the dissolution decree and remand for reconsideration.

## BACKGROUND

¶2          Husband and (Wife) married in 1997. Husband petitioned for dissolution in 2020. At the time the petition was served, an investment account in Husband's name held 1,352 shares of Starbucks stock.

¶3          According to Husband, all the shares are his separate property because they were obtained in a pre-marital purchase. He testified at trial that he bought 72 shares of Starbucks stock online sometime around 1995 or 1996 but no longer has the original documentation. He testified that later two-for-one splits, plus dividend reinvestment, resulted in the initial 72 shares becoming the 1,352 shares.

¶4          According to Wife, all the shares are community property because Husband acquired them during the marriage. At trial, she offered a 2002 stock certificate showing a transfer of 288 shares to Husband. She also testified, however, that Husband owned some Starbucks shares before the marriage.

¶5          In the dissolution decree, the superior court held that all the Starbucks shares were community property subject to equal division. The court found that Husband had failed to prove the asset was separate property "by clear and convincing evidence" because he provided no evidence to corroborate his claim of a pre-marital purchase.

¶6          Husband moved to amend the court's ruling, arguing that it overlooked Wife's admission that he owned some Starbucks stock before

the marriage and incorrectly required him to produce clear and convincing evidence to overcome a community presumption. Wife reasserted that Husband had purchased 288 shares during the marriage. In his reply, Husband included what he claimed was a missing page from the 2002 stock certificate, which showed a transfer of 288 shares from one investment account to another, not a purchase of additional stock during the marriage.

¶7            The superior court denied the motion to amend. Husband timely appealed.

## DISCUSSION

¶8            The parties dispute whether the superior court correctly required Husband to provide clear and convincing evidence to overcome a presumption that the shares were community property. "The appropriate burden of proof is a question of law, which this court reviews de novo." *Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004). We also review de novo the legal question of property's classification as separate or community. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

¶9            Property takes on its character as separate or community at the time of acquisition. *Stock v. Stock*, 250 Ariz. 352, 355, ¶ 10 (App. 2020). "Once fixed, the property retains its character as separate or community until changed by agreement of the parties or by operation of law." *Sommerfield v. Sommerfield*, 121 Ariz. 575, 578 (1979). Property a spouse owns before the marriage is presumed to be the separate property of that spouse, A.R.S. § 25-213(A), while property acquired during the marriage is generally presumed to be community property, A.R.S. § 25-211(A). Accordingly, before the court may apply a presumption, it must first determine the date of acquisition. And only after a presumption is applied must a party seeking to rebut it come forth with clear and convincing evidence in support of his or her position. *See Hatcher v. Hatcher*, 188 Ariz. 154, 159 (App. 1996).

¶10           Because the parties disputed when Husband bought some of the shares, the superior court had to resolve this factual dispute before any presumption applied. *See Stock*, 250 Ariz. at 355, ¶ 10 (community- or separate-property character determined at the time of acquisition). On this preliminary fact question, each party had the burden of proving their assertion. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992) ("The party who asserts a fact has the burden to establish that fact.").

¶11           Though a party seeking to rebut a property-characterization presumption must do so by clear and convincing evidence, *Hatcher*, 188

Ariz. at 159, we see no reason to require one party to carry a heavier burden than the other when proving the acquisition date of an asset. The cases addressing rebuttal of a presumption of an asset being community or separate do not address the burden for this preliminary fact issue establishing the presumption. *See Cooper v. Cooper*, 130 Ariz. 257, 259–60 (1981) (resolving dispute over the nature of account holding commingled premarital funds and earnings during the marriage); *Hatcher*, 188 Ariz. at 159 (resolving dispute over the purpose of disability payments paid during the marriage); *In re Marriage of Cupp*, 152 Ariz. 161, 163–64 (App. 1986) (same). Similarly, the cases Wife cites do not involve a factual dispute about when the spouse acquired the property. *See Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979) (addressing how to characterize an increase in value of separate property during the marriage); *Bender v. Bender*, 123 Ariz. 90, 91–92 (App. 1979) (resolving the effect of disclaimer deed on property acquired during the marriage). The superior court erred by requiring Husband to show clear and convincing evidence that he bought the stock before the marriage when that preliminary factual issue was disputed with respect to some of the shares.

¶12      Wife asks this court to infer the superior court accepted her argument that the 2002 stock certificate showed that Husband acquired all shares during the marriage, thereby establishing a presumption of community property. We cannot make this inference for two reasons. First, it overlooks the erroneous burden of proof the court placed on Husband. *See supra* ¶¶ 9–11. Second, it ignores Wife's undisputed testimony that Husband bought at least some shares before the marriage. Without more findings from the court, we cannot disregard the testimony from both parties that Husband bought some Starbucks shares before the marriage. Based on the undisputed evidence, which the superior court did not address, at least part of the asset was Husband's separate property. *See* A.R.S. § 25-213(A). And given that, the court was first required to determine the extent of the separate-property portion. *See Kim v. Pak*, 1 CA-CV 23-0409, 2024 WL 4886976, at *4, ¶¶ 17–18 (Ariz. App. Nov. 26, 2024). The court erred by ignoring this allocation step entirely. *See id.*

¶13      We vacate the order finding that all shares of the Starbucks stock are community property. We remand for the court to determine how much of the stock Husband purchased before the marriage and how much of the stock he purchased during the marriage, if any. In making these determinations, the court should apply a preponderance of the evidence standard so that neither party is forced to meet a higher burden of proof than the other. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 25 (2005) (explaining that the preponderance standard "essentially allocates the risk

of error equally between the parties involved"). After applying this burden of proof, if the court determines that some of the stock is community property, it must engage in an apportionment analysis to give Husband credit for his separate-property portion. We express no opinion on the weight of the evidence.

## ATTORNEYS' FEES AND COSTS ON APPEAL

¶14     Both parties request an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. Although neither party took unreasonable positions, the financial affidavits filed in April 2024 reflect that Husband has far greater financial resources than Wife. In the exercise of our discretion, we award Wife a portion of her reasonable attorneys' fees upon compliance with ARCAP 21. But because we are remanding for reconsideration, we cannot yet determine whether either party is entitled to costs under A.R.S. § 12-342(A). We instruct the superior court to award costs on appeal consistent with this statute on remand.

## CONCLUSION

¶15     We vacate the order finding that all shares of Starbucks stock are community property, and remand for reconsideration consistent with this decision.

