NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

DANNY KENT MCMAHAN, *Petitioner/Appellant*,

*v.*

RENEE ANN MCMAHAN, *Respondent/Appellee*.

No. 1 CA-CV 24-0861 FC

FILED 08-05-2025

Appeal from the Superior Court in Maricopa County
No. FN2022-092259
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

Hildebrand Law, P.C., Tempe
By Kip M. Micuda
*Counsel for Petitioner/Appellant*

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski, Bobbie Lentz
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

**F U R U Y A**, Judge:

¶1    Danny McMahan ("Husband") appeals from the superior court's decree dissolving his marriage to Renee McMahan ("Wife"), arguing the court erred by finding he had wasted a community asset and by denying his post-trial motion to alter or amend the decree under Rule 83. We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2    Husband and Wife were married for 24 years. During the marriage, the community owned two closely affiliated businesses—Right Things Right, Inc. and Xtelligent, LLC (collectively, "the Business").[1] Husband managed the Business's daily operations, while Wife occasionally assisted with bookkeeping. The Business's largest client of many years was Whirlpool, which accounted for most of its revenue. At the end of their last written contract's term in December 2021, the Business and Whirlpool did not sign another annual contract. Notwithstanding the absence of a contract, the Business continued to work with Whirlpool, with revenue being distributed to the parties through the Business until the end of June 2022. Husband petitioned for dissolution in June 2022. From that point on, the Business did not receive any further revenue from Whirlpool and stopped generating revenue from July 2022 on.

¶3    Before trial, the parties jointly retained a valuation expert, who valued the Business at $548,000 to $609,000 as of December 31, 2021. Husband requested a second valuation of the Business by their joint expert, seeking a later valuation date that would reflect the loss of Whirlpool as a

---

[1]    The court states in the divorce decree, "[The valuation expert] assessed the two businesses as one because 'it became clear that the two companies operated as one, utilizing the same workspace, clientele, and single employee [Husband].'"

client. The expert concluded that by December 31, 2022, the Business was worth $1,000.

¶4 The superior court held a trial in April 2024. There, the expert confirmed the conclusions reached in his two valuations. The parties did not dispute the expert's conclusions but disagreed on which valuation date the court should adopt. Wife argued the 2021 valuation was appropriate because Husband had intentionally allowed the Business to collapse. Husband countered that the 2022 valuation more accurately reflected the Business's value at dissolution.

¶5 The court found Husband had committed waste and adopted the 2021 valuation. It awarded Husband the Business at a value of $578,500 and credited Wife half that amount as an offset against Husband's share of the community property.

¶6 Husband then moved to alter and amend the decree under Rule 83(a), Arizona Rules of Family Law Procedure ("Rules"), arguing the court erred in its waste analysis and that newly discovered evidence warranted reconsideration. He attached a post-trial email from Whirlpool's project lead stating that Whirlpool had not issued purchase orders in 2022 due to internal budget cuts unrelated to Husband. The court summarily denied the motion. It later awarded Wife her attorneys' fees.

¶7 Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8 Husband raises two arguments on appeal: (1) the superior court erred in finding he committed marital waste, and (2) the court abused its discretion in summarily denying his motion to amend the decree. We address each argument in turn.

## I. The Court Did Not Abuse Its Discretion in Finding Husband Committed Marital Waste.

¶9 "In apportioning community property between the parties at dissolution, the superior court has broad discretion to achieve an equitable division." *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 13 (App. 2007). That discretion includes selecting a valuation date for community assets, such as a business. *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 14 (App. 2021). We will not disturb its allocation absent an abuse of discretion, which occurs "when it rules without competent evidence or commits a legal error in making a

discretionary decision." *Id.* at 396 ¶ 12; *Boncoskey*, 216 Ariz. at 451 ¶ 13. We view the evidence in the light most favorable to upholding the court's ruling and defer to the court's determinations of witness credibility and its weighing of conflicting evidence. *Id.*; *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 13 (App. 1998).

¶10           When dividing community property, a court may consider "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition" of community property. A.R.S. § 25-318(C). "The spouse alleging abnormal or excessive expenditures has the burden of making a prima facie showing of waste." *Meister*, 252 Ariz. at 399 ¶ 26 (citing *Gutierrez*, 193 Ariz. at 346 ¶ 7). If that showing is made, the burden shifts to the accused spouse to rebut the allegation, as the relevant financial information is typically within that spouse's control. *Id.* If waste is found to have reduced the value of a community business, the court may factor that into the valuation date it selects. *Id.* at 399 ¶ 27.

¶11           Here, Wife testified that Husband threatened he would "shut [the Business] down before he paid [her] a dime" in the divorce. She alleged he intentionally let the Business deteriorate, and though Husband denied doing so, the court expressly found "Wife more credible on the issue." We defer to that finding. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019) ("On appeal, we do not reweigh the evidence but defer to the family court's determinations of witness credibility and the weight given to conflicting evidence.").

¶12           Wife further testified the Business stopped operating as soon as the petition for dissolution was filed. *See Goodell v. Goodell*, 257 Ariz. 563, 571 ¶ 36 (App. 2024) ("In evaluating reasonableness, the court must consider the timing of the alleged waste."). The timing of the Business's collapse, Husband's threat to shut it down, and the drastic drop in value provided a reasonable evidentiary foundation to support a finding of dissipation. Therefore, the court had a sufficient basis to find that Wife made a prima facie showing of waste. At that point, the burden shifted to Husband to rebut the waste showing. *Gutierrez*, 193 Ariz. at 347 ¶ 8. He failed to do so.

¶13           Husband denied threatening to shut the Business down and testified that the contract with Whirlpool ended by its own terms on December 31, 2021. He stated the contract did not renew because Whirlpool was unable to pay for his services due to the COVID-19 pandemic and rising interest rates. He further claimed there were no financial records, communications with Whirlpool, or other documentation to explain the

Business's collapse. The court found that, "Even if no written documents existed at the time to show that Whirlpool had decided not to continue business with the Company, Husband provided no credible explanation for why he could not have obtained such a document after the fact."

¶14            The court was presented with conflicting testimony. It determined that Wife was more credible and Husband's explanation was unsupported and unpersuasive. Deferring to these credibility findings and viewing the record in the light most favorable to affirming the judgment, reasonable evidence supported the court's finding of waste. *See Gutierrez*, 193 Ariz. at 348 ¶ 13. The court did not abuse its discretion.

## II.    The Court Did Not Abuse Its Discretion in Denying Husband's Rule 83 Motion.

¶15            Husband argues the court abused its discretion by summarily denying his Rule 83(a) motion to alter or amend the decree based on newly discovered evidence. We review an order denying a Rule 83 motion to alter or amend for an abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354 ¶ 5 (App. 2020). Rule 83(a)(1)(E) allows the court to alter or amend a judgment when presented with "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence." Rule 83(a)(1)(E).

¶16            Husband's motion attached a post-trial email from a Whirlpool representative explaining that Whirlpool had not issued purchase orders in 2022 due to internal budget constraints. But Husband already knew at trial that Whirlpool had ceased sending him work. Nothing in the record suggests he was prevented from contacting Whirlpool before trial or seeking written confirmation of those circumstances—particularly when he knew of Wife's waste allegations and was specifically asked by both Wife and the valuation expert to produce evidence showing the termination was not his choice but failed to do so.

¶17            The court found Husband failed to sufficiently explain why he could not have obtained this evidence earlier. His post-trial efforts to develop the record do not satisfy the diligence requirement under Rule 83. And the court was permitted to summarily deny the motion without a hearing or detailed explanation. *See* ARFLP 83(c)(2). We discern no abuse of discretion.

**CONCLUSION**

¶18        We affirm.

¶19        After reviewing the record evidence regarding the parties' resources and assessing the reasonableness of their positions on appeal, we award Wife her reasonable attorneys' fees under A.R.S. § 25-324 and her costs on appeal, contingent upon her compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR